OPINION
Plaintiff-appellant, Seldon Brewer aka William Seldon Brewer, appeals a judgment of the Warren County Common Pleas Court, Division of Domestic Relations. Appellant and defendant-appellee, Wilma Jean Brewer, were married on April 29, 1961. Two children were the issue of the marriage, both of whom were emancipated at all times relevant herein. Appellant has been employed at Armco Steel for over thirty years and earns $35,000 annually from Armco. Appellant and appellee own a tavern business known as Brewer's Gin Mill located on Central Avenue in Middletown, and also own several rental properties. Appellee worked in the early years of the marriage but has been a homemaker for the past twenty years.
Appellant filed for divorce on October 16, 1992. A final contested hearing was held before a magistrate on February 14, 1994, who issued his report on March 4, 1994. Written objections to the magistrate's report were filed by appellee on March 17, 1994. The court heard these objections on July 22, 1994 and on October 11, 1994 issued its decision sustaining in part and reversing in part the magistrate's decision. The court remanded the issue of the valuation of the tavern business to the magistrate for further proceedings and ordered a decree of divorce to be prepared. On January 23, 1995, a Judgment Entry and Final Decree of Divorce were filed.
On February 27, 1995, appellant filed motions for a new trial and to vacate judgment. These motions were overruled by the court on June 7, 1995. An appeal was filed with this court, but was dismissed for lack of a final appealable order because of the outstanding property issue.
The remaining property issue, valuation of the tavern business, was heard by the magistrate on May 1, 1996. The magistrate issued his decision on May 7, 1996 placing the value of the tavern business at $50,000. Appellant filed objections to the magistrate's decision on May 21, 1996. On July 29, 1996 the court granted appellant the right to present additional testimony and a hearing was held on October 14, 1996. On November 4, 1996 the trial court overruled appellant's objections to the magistrate's report and adopted the magistrate's decision. A final judgment entry was filed on December 26, 1996. Appellant filed his notice of appeal on January 24, 1996. Appellant presents five assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING HIS MOTION SEEKING A NEW TRIAL PURSUANT TO RULE 59(A) OF THE OHIO RULES OF CIVIL PROCEDURE.
Appellant sets forth three issues in his first assignment of error: (1) his motion for a new trial should have been granted; (2) the trial court erred in the amount of spousal support awarded to appellee; and (3) the trial court erred in the division of property.
In his first issue, appellant argues that because portions of the tape recordings of the testimony and evidence presented during the hearing before the magistrate on February 14, 1994 were either lost or destroyed, the trial court could not have made an independent analysis of the issues upon the filing of objections. Civ.R. 53(E)(5) requires the trial court to "make an independent analysis of the issues" upon the filing of objections to the magistrate's report. Appellant argues that his Civ.R. 59(A) motion for a new trial should have been granted because the trial court could not have made an independent analysis of the issues with portions of the tapes missing.
Appellee, not appellant, filed objections to the magistrate's report and requested a rehearing on March 17, 1994. Appellant's memorandum in opposition stated "there was ample evidence and testimony to support the finding of the [magistrate] and his report." Furthermore, appellant stated that there was no need for a rehearing "due to the fact that a portion of the transcript has been prepared and counsel could if they so desired, submit a written memorandum or an agreed statement of fact."
In ruling on appellee's objections to the magistrate's report, the trial court noted that portions of the transcript were missing. However, the trial court stated:
 Pursuant to Civil Rule 53, the court, therefore, finds that it is the responsibility of the parties to produce a transcript of the hearing. The use of mechanical recording devices invited this problem, but due to economics, this court, as well as most other courts, can not [sic] afford to have court reporters present at [magistrate's] hearings. The court, therefore, adopts the [magistrate's] findings of fact as to the [appellee's] portion of the case and has independently reviewed the transcript concerning the [appellee's] portion of the case. * * * The court is satisfied that a sufficient record exits to conduct an independent review and that a re-hearing is, therefore, not merited.
After a change of counsel, appellant filed a motion for a new trial pursuant to Civ.R. 59(A) on February 27, 1995, arguing that that portions of the missing transcript caused an irregularity at trial by which appellant was prejudiced. The trial court recognized that appellant had previously opposed the motion for a rehearing and denied appellant's motion for a new trial, finding that appellant "waived his right to object to the lack of a transcript by having not filed an objection to the [magistrate's] report and having expressly argued that wife was stuck with the unfortunate lack of a transcript." Appellant now argues that regardless of his failure to timely object to the magistrate's report, that the trial court abused its discretion by its failure to review the entire record.
In a domestic relations case a trial court must have the discretion to do what is equitable based on the facts and circumstances of the particular case. Briganti v. Briganti (1984),9 Ohio St.3d 220. A reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion. Focke v. Focke (1992), 83 Ohio App.3d 552. The term abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court but must be guided by the presumption that the findings of the trial court are correct. In re Jane Doe I (1991), 57 Ohio St.3d 135.
The record in the instant case supports the trial court's finding that appellant waived his right to object to the magistrate's decision of March 4, 1994 by not filing timely objections. Furthermore, the trial court found that the available transcript, the exhibits and the extensive notes of the magistrate afforded a substantial and material basis upon which to render an opinion. The trial court did not abuse its discretion by denying appellant's motion for a new trial.
In his second issue, appellant argues that the trial court's October 11, 1994 decision incorrectly modified the magistrate's report by increasing the amount of spousal support. Appellant argues that because there were tapes missing from the hearing before the magistrate, the trial court did not have any evidence before it on appellee's inability to work. Appellant contends that the trial court erred by increasing appellant's spousal support when the record is incomplete and the trial court's finding is contrary to that of the magistrate.
Notwithstanding our previous discussion of appellant's failure to object to the missing tapes, the trial court has broad discretion in fashioning spousal support awards. "In a divorce proceeding, a reviewing court should not reverse a trial court's decision regarding the amount of spousal support award unless it finds that the trial court abused its discretion." Carnahan v. Carnahan (Mar. 3, 1997), Clermont App. No. CA96-08-072, unreported, at 7, following Kahn v. Kahn (1987), 42 Ohio App.3d 61,66.
Our review of the record confirms that the court considered the statutory factors set forth in R.C. 3105.18(C)[1] before increasing the amount of spousal support ordered by the magistrate. The court found that "due to the long duration of the marriage and wife's age and inability to work due to her stated depression, nervous condition and the fact that she has not worked for more than twenty years during this marriage, the court believes that she should be awarded approximately one-third of husband's gross income as and for spousal support." Based on the trial court's findings, which are consistent with R.C.3105.18(C)(1), we find that the trial court did not abuse its discretion in increasing the amount of spousal support.
In his third issue, appellant argues that the trial court abused its discretion when dividing the parties marital assets. Appellant argues that the trial court erred in making a division of the marital property which apportions more marital debt to one party.
The division of marital property is governed by R.C. 2105.171(C), which provides that the division of marital property between parties shall be equal unless such a distribution would be inequitable. The court is required to consider all applicable factors when making a division of marital property, including all relevant factors enumerated in R.C. 2105.171(F).[2]
A review of the record confirms that the trial court considered the statutory factors as set forth in R.C. 3105.171. The court found that the parties had been married for over thirty years, that appellant was required to pay the vast majority of the marital bills because appellant had the vast majority of the income, and that appellant was to be awarded the rental properties because he was better able to maintain them. Appellant received real property valued at $103,000 and appellee received real property valued at $105,000. Furthermore, when making the division of property the trial court considered not only appellant's income from Armco, but also income earned from the tavern business and the rental properties.
We have reviewed the record and find no abuse of discretion in the trial court's division of marital property. While the division may not have been equal, it was equitable based on the facts and circumstances of this case. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING HIS MOTION TO VACATE THE TRIAL COURT'S JUDGMENT UNDER RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
Appellant sets forth two issues in his second assignment of error: (1) the trial court erred in allowing a division of property before a value was ascertained for the tavern business, and (2) the trial court erred in ordering appellant to make payments which exceed the statutory allowances.
In his first issue, appellant argues that the trial court abused its discretion in making a division of property before a value was ascertained for the tavern business. Based on objections made by appellee to the magistrate's report, the trial court affirmed the division of marital property made by the magistrate, but found that the magistrate had not valued the tavern business and remanded the issue of valuation of the tavern business to the magistrate for further proceedings. Appellant argues that the trial court should have remanded all the property issues for a "comprehensive valuation and distribution."
We find no error in the trial court's decision to remand the valuation of the tavern business while upholding the remainder of the property division. At the initial hearing before the magistrate the parties were given the opportunity to present evidence regarding the marital property. Because no evidence was presented as to the value of the tavern business, the trial court remanded the valuation of the tavern business for further consideration by the magistrate. Appellant has presented no evidence that he was prejudiced by the trial court's decision to remand only the valuation of the tavern business and not the entire property division. Accordingly, the trial court did not abuse its discretion in the initial property division by remanding only the valuation of the tavern business.
In his second issue in his second assignment of error, appellant argues that the trial court erred by ordering appellant to make payments which exceeded the statutory allowances. Appellant argues that he is spending ninety-one percent of his after-tax income on court-ordered expenses. Appellant fails to clarify that the spousal support payments are withheld from his Armco salary, hence the ninety-one percent figure. However, the trial court determined that appellant received income from three separate sources, his employment with Armco, the tavern business, and rental revenue. Therefore, while the spousal support may indeed be a large portion of appellant's Armco salary, the trial court considered all of appellant's sources of income in making the spousal support determination. Pursuant to our previous discussion, the trial court did not abuse its discretion in making the property division or the spousal support award to appellee. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION REGARDING THE VALUATION OF THE TAVERN BUSINESS AND IN FAILING TO GRANT THE OBJECTIONS OF PLAINTIFF-APPELLANT.
Appellant argues that the trial court ignored competent, professional evidence when adopting the magistrate's May 7, 1996 decision placing the value of the tavern business at $50,000. Appellant filed objections to the magistrate's May 7, 1996 decision. The hearing on the objection was scheduled for July 29, 1996. The trial court continued the matter until October 14, 1996 to allow for the testimony of appellant's expert, Al King, C.P.A. The trial court specifically found
 that from the methodology used by [appellant's] own expert that the value of the business is $46,535.00. The Magistrate has previously found that the probable gross annual income from the business was $25,000. The expert witness opined that a multiplier of 1.6 times the gross income plus the cost of the fixed assets is an appropriate method for valuing this tavern business. The Magistrate has also previously found from [appellant's] own testimony the fixed asset values to be $6,535.00. Multiplying the annual gross income times 1.6 and adding the fixed asset value the court arrives at the value of $46,535.00 for the business. Each party testified that in their opinion the business was worth at least $50,000. Since this figure is so close to the expert's opinion, the court agrees with the Magistrate in his findings.
Accordingly, we find that appellant's argument that the trial court failed to utilize and adopt the opinions of King to be baseless. It is evident from the record that the trial court considered the valuation as presented by King and the finding by the magistrate that the gross annual income of the tavern business was $25,000. Appellant now seeks to argue that King's testimony is the only testimony which should have been considered by the court because no other competent, probative, accurate or reliable information exists to support valuation of the business. We disagree. The magistrate specifically relied on the partial transcript of the March 4, 1994 hearing and the voluminous documents that were submitted as exhibits. The magistrate noted that the record contained "income tax returns, various documents from the bar's accountant and a property inventory list."
Therefore, we find that the trial court did not abuse its discretion in approving and adopting the magistrate's valuation of the tavern business at $50,000. The trial court's decision is supported by competent, credible evidence. Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE MAGISTRATE ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY FAILING TO GRANT THE PARTIES MUTUALLY FILED MOTIONS FOR A CONTINUANCE OF THE BUSINESS VALUATION HEARING.
Both parties requested a continuance of the May 1, 1996 hearing to allow an expert, King, to present evidence as to the value of the tavern business. However, the magistrate did not allow the continuance because the parties had had approximately four years in which to value the business. The magistrate made a valuation of the business without any expert testimony.
Upon review of appellant's objections to the magistrate's report, the trial court continued the matter to allow King to testify. After King testified as to the value of the business, the trial court adopted the magistrate's decision. The record reveals that the parties were given an opportunity to have the business valuated by an expert. Appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY FINDING HIM IN CONTEMPT OF A PRIOR SUPPORT AND PROPERTY ORDER FOR REASON THAT SAID ORDERS CONSTITUTE [sic] AN ABUSE OF DISCRETION.
Appellant was found to be in contempt of court for his failure to ensure that appellee received one-half of the rental revenue from one of the rental properties as provided for in the division of property. The standard of review for contempt is whether the trial court abused its discretion. State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69.
The trial court found that the property in question was rented to Cassano's Pizza. Pursuant to the divorce decree, appellant was ordered to pay appellee one-half of all monies received from Cassano's as rental revenue. Appellee asserted at trial that she had not received her half of the rental revenue from March 1994 through March 1995, a total of $5,720 ($440 per month multiplied by twelve months). Appellant testified that Cassano's had gone into bankruptcy and had missed at least four months of rental payments.
Until April 1995, Cassano's was making the rental payments directly to Appellant. After April 1995, Cassano's began to split the rental payments and pay $440 to appellee and the remainder to appellant. However, Cassano's was paying appellant an additional $135 per month to make up for the missed payments. Appellant did not make any attempt to compensate appellee for her share of the missed payments. Furthermore, appellant did not deny that there was money owed to appellee which represented appellee's half of the Cassano's rental revenue. Based on this testimony, the trial court found appellant in contempt for failing to pay appellee half of the rental revenue received from Cassano's.
The trial court found, however, that appellant had paid house insurance and car insurance for appellee which was not required by the property settlement. Based on the testimony presented, the court found that appellant owned appellee money from the Cassano rental revenue, but that any amount owed would be reduced by the amount of payments made for house and car insurance on appellee's behalf.
This court has fully reviewed the trial court record and finds that the trial court's decision to find appellant in contempt is supported by the record. There is no indication that the trial court abused its discretion in finding appellant in contempt. Appellant's fifth assignment of error is not well-taken and is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] R.C. 3105.18(C)(1) provides that in determining spousal support, the court shall consider all of the following factors:
 a. The income of the parties, from all sources, including but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
b. The relative earning abilities of the parties;
 c. The ages and the physical, mental and emotional conditions of the parties;
d. The retirement benefits of the parties;
e. The duration of the marriage;
 f. The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 g. The standard of living of the parties established during the marriage;
h. The relative extent of education of the parties;
 i. The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 j. The contribution of each party to the education, training or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 k. The time and expense necessary for the spouse who is seeking spousal support to acquire education, training or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 l. The tax consequences, for each party, of an award of spousal support;
 m. The lost income production capacity of either party that resulted from the party's marital responsibilities;
 n. Any other factor that the court expressly finds to be relevant and equitable.
[2] R.C. 3105.171(F) provides that in making a division of marital property and in determining whether to make and the amount of any distributive award the court shall consider all of the following factors:
1. The duration of the marriage;
2. The assets and liabilities of the spouses;
 3. The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
4. The liquidity of the property to be distributed;
 5. The economic desirability of retaining intact an asset or an interest in an asset;
 6. The tax consequences of the property division upon the respective awards to be made to each spouse;
 7. The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 8. Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 9. Any other factor that the court expressly finds to be relevant and equitable.