FOCKE, Appellee,

v.

FOCKE, Appellant.

[Cite as *Focke v. Focke* (1992), 83 Ohio App.3d 552.]

Court of Appeals of Ohio,
Montgomery County.

Nos. 13253, 13277.

Decided Nov. 10, 1992.

*Douglas B. Gregg,* for appellee.

*Gloria S. Haffer* and *Robert J. Meyers,* for appellant.

GRADY, Judge.

This is an appeal from the final judgment and order of the trial court in an action for divorce dividing the marital assets of the parties and ordering spousal support.

Henry F. Focke, Jr. and Ann M. Focke were married for twenty-eight years. During this time they accumulated a substantial marital estate, which had a net value at the time of their 1991 divorce of $2,800,000. Their marital estate consisted of residential and personal property as well as commercial investments. The principal asset of the estate in value was Horizon Holding Company, a real estate holding company.

The trial court valued Horizon Holding Company at $984,000. The court divided the marital property, granting Horizon Holding Company to Henry F. Focke, Jr. and ordering that other assets be given to Ann M. Focke. According to the values determined, Henry F. Focke, Jr. received sixty percent of the marital assets while Ann M. Focke was given forty percent. Further, the court ordered that Henry F. Focke, Jr. pay spousal support in the amount of $3,200 per month for a period of eight years, reserving jurisdiction to modify.

Ann M. Focke appeals from the order of the trial court, presenting four assignments of error, which are discussed below.

# I

Appellant's first assignment of error states:

"The trial court erred to the prejudice of the defendant by failing to determine the fair market value of the parties' marital assets."

Appellant's principal argument under this assignment of error concerns the trial court's valuation of Horizon Holding Company, an asset which was awarded to appellee Henry F. Focke, Jr. Appellant Ann M. Focke argues that the trial court erred when it failed to value the asset at its "fair market value."

R.C. 3105.171 authorizes the trial court to determine what constitutes marital property and what constitutes separate property and, upon making such determination, requires the court to "divide the marital and separate property equitably between the parties, in accordance with this section." The statute further requires the court to divide marital property equally, unless an equal division would be inequitable. In that event the court must divide it between the parties in the manner the court determines equitable. In making its division and distributive award, the court is required to consider the factors set out in subsection (F) of the statute. However, the statute prescribes no specific method of valuation for the court to follow.

It is undisputed that Horizon Holding Company is a marital asset. Horizon is a holding company that invests in and manages commercial real properties. The trial court was not provided with evidence of the individual value of any of these properties. Instead, each party urged the court to find a value for Horizon from financial statements of Henry F. Focke, Jr. Those statements, which were

prepared for use by banks and other financial institutions, valued Horizon Holding Company in the amount of its retained earnings.

Ann M. Focke urged the trial court to find that Horizon Holding Company had a value of $1.5 million, as shown in defendant's Exhibit B, a financial statement prepared for the year 1990. She noted, however:

"It should be noted that Husband's valuation of Horizon Holding Company at $1.5 million in Defendant's Exhibit B represents only its retained earnings and, consequently, does not take into account the value of its good will and the fair market value of its depreciated assets. Recall, that this is the company which pays Husband a salary in excess of $170,000 per year for merely being the 'overseer'. Obviously, its fair market value is far in excess of the $1.5 million reported by Husband in his financial statement."

Henry F. Focke, Jr. offered in evidence a similar financial statement that valued Horizon Holding Company in the amount of its retained earnings. However, the statement was prepared for the year 1991 and reflected a retained earnings value of $984,164. Henry F. Focke, Jr. also testified that the "fair market value" of Horizon was less than $1 million at that time.

The trial court found the value of Horizon Holding Company to be $984,164, the value urged by Henry F. Focke, Jr. Appellant Ann M. Focke now argues that because corporate retained earnings is but one element of the value of a corporate asset the trial court abused its discretion in finding a value based on that component alone. She urges us to remand the matter to the trial court for a more complete valuation of the asset according to established accounting principles.

There are no flat rules for determining a property division. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. A trial court must have the discretion to do what is equitable upon the facts and circumstances of each case. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 9 OBR 529, 459 N.E.2d 896. A reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion. *Id.* The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court but must be guided by a presumption that the findings of the trial court are correct. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.

It may be that the "fair market value" of a corporate asset is different from, and in most cases greater than, the value of its retained earnings account.

However, our task is not to require the adoption of any particular method of valuation, but to determine whether on all the facts and circumstances before it the court abused its discretion in arriving at the value determined.

We cannot find that the trial court abused its discretion in adopting the value of the corporation's retained earnings account as the value of the corporation for purposes of division of marital property. It was the only basis of valuation offered by the parties, and one they both supported. While they offered different values based on different years, the trial court was free to choose between them according to the weight of the evidence. The value offered by Henry F. Focke, Jr. was for a more recent year. In addition, it was one which he testified properly reflected the "fair market value" of Horizon Holding Company. On this basis, we cannot find that the court abused its discretion.

*Mochko v. Mochko* (1990), 63 Ohio App.3d 671, 579 N.E.2d 773, upon which appellant relies, may be distinguished from the facts before us. In that case the Court of Appeals for Cuyahoga County found that the trial court abused its discretion in dividing marital assets without evidence of their value. The court held that where the evidence demonstrates that a marital asset has a significant value, the question of its value "should be submitted for valuation to a knowledgeable person who is a stranger to the proceedings." *Id.* at 680, 579 N.E.2d at 779.

We concur with the view expressed in *Mochko*. Indeed, parties to domestic relations actions may rely on *Mochko* to urge the court to appoint a disinterested and qualified appraiser to report to the court on the matter of value. As a form of "special master," his or her fees may be taxed to the parties as costs. Here, the trial court was not faced with a dispute as to the method of valuation in this case. Both parties offered the same method, though from different base years. Ann M. Focke offered no evidence to support her argument that fair market value was "far in excess" of retained earnings. We cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably in following a course proposed by both parties.

Appellant's first assignment of error will be overruled.

## II

Appellant's second assignment of error states:

"The trial court erred to the prejudice of the defendant in its division of the marital assets."

Appellant Ann M. Focke argues that the trial court did not make an equitable division of the marital assets when it awarded Henry F. Focke, Jr.

more than sixty percent of the marital assets by value and the majority of those assets that produce an income.

The trial court noted that the assets it awarded Henry F. Focke, Jr. exceeded the value of those assets it awarded Ann M. Focke. However, the court explained that difference by stating that those assets awarded Henry F. Focke, Jr. carried a greater degree of risk and a greater tax burden, and that those awarded to Ann M. Focke were of a more liquid nature, allowing them to be reduced to cash to meet her needs more readily.

The primary focus of R.C. 3105.171(B) is an equitable division of marital property. While an equal division is preferred, the court may make a division that is other than equal for reasons of equity.

We are satisfied that the trial court met its burden under the statute when it divided the marital assets as it did. Though Henry F. Focke, Jr. receives the greater value, the assets he receives are at a greater risk to decline in value. He may be expected to employ his business acumen to avoid that outcome, but the factor of risk imposes a burden on him not imposed on appellant Ann M. Focke. Likewise, appellant receives a smaller share of the marital assets according to value, but those she receives carry less risk and can be more readily liquidated to meet her needs. These are sufficient and adequate bases for the trial court to make the division it ordered. See R.C. 3105.171(F).

Appellant makes several other arguments under this assignment of error. We have reviewed them and find no abuse of discretion.

Appellant's second assignment of error is overruled.

## III

Appellant's third assignment of error states:

"The trial court erred to the prejudice of the defendant by determining that furs, jewelry and a coin collection were marital property rather than the separate property of the defendant."

Through the course of the marriage the husband gave the wife a coin collection and furs and jewelry for her personal use. The trial court found those to be items of marital property rather than the separate property of Ann M. Focke, and in its distributive award gave them to Ann M. Focke as part of her share. She now argues that the trial court erred in finding these items to be marital property rather than separate property, and, further, that by awarding them to her as part of her share of marital property the trial court reduced the equitable share to which she was entitled.

R.C. 3105.171(A)(6)(a) provides:

" 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be * * * :

" * * *

"(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."

Appellant argues that the trial court was required to find that appellee's gifts to her were her separate property, only. We do not agree. Under the statute, a gift acquired by either spouse in the course of the marriage is presumed to be marital property unless it is shown by clear and convincing evidence to have been intended by the donor to be the exclusive property of the recipient spouse. While it is reasonable to conclude that Henry F. Focke, Jr. made gifts of these items of property to his wife with the intention that they be for her personal use, nevertheless, the evidence is not clear and convincing that he thereby intended to waive all rights and interests he may have in those items as marital property. As the trial court could make a finding on the basis of the evidence as it did, we see no error.

Appellant's third assignment of error is overruled.

## IV

Appellant's fourth assignment of error states:

"The trial court erred to the prejudice of the defendant when it awarded her only the sum of $3,200.00 per month as spousal support."

Appellant Ann M. Focke argues that she is entitled to a greater amount of spousal support because the trial court divided marital assets inequitably and because the trial court erred in calculating the income of Henry F. Focke, Jr.

Appellant's argument that the division of marital property was inequitable has been considered in the preceding assignments of error and found to be without merit. Therefore, it is not a basis to support this assignment of error.

Appellant's argument concerning the error in calculating Henry F. Focke's income specifically concerns the court's finding that Henry F. Focke, Jr. enjoyed a gross income of $194,000, which would be reduced by, among other things, a state income tax obligation. Appellant points out that Henry F. Focke, Jr. is a resident of Florida, which has no state income tax. Therefore, appellant argues that appellee's proper income base, after deduction of taxes, is $166,000 rather than $140,000, as found by the trial court.

While the trial court apparently erred in its finding concerning appellee's state income tax obligation, nevertheless, we are not required on the basis of that error

to reverse and remand for recalculation of spousal support. The nature, amount and duration of spousal support, if any, is determined on the basis of the trial court's evaluation of the evidence under the relevant factors of R.C. 3105.18. Taken as a whole, the court's order must balance the need of one party for support against the other party's ability to pay. See *Fletcher v. Fletcher* (Aug. 24, 1992), Montgomery App. No. 12942, unreported, 1992 WL 206646. The error upon which appellant relies will in no way affect her own need for support. Further, it has only a marginal impact on the ability of Henry F. Focke, Jr. to pay support in a substantially greater amount. Therefore, we find the error harmless.

Appellant's fourth assignment of error is overruled.

### V

Having overruled all assignments of error, we will affirm the judgment of the trial court.

*Judgment affirmed.*

FAIN, P.J., and WOLFF, J., concur.