OPINION
Christopher Lee appeals from a decree of divorce that terminated his marriage to Tracey Lee, divided their marital property, and allocated their separate property. The issues presented on appeal concern the trial court's allocation of monies that Christopher[1] will receive in settlement of a personal injury claim.
Christopher and Tracey Lee were married on September 7, 1991. In early September 1997, Christopher was involved in a motorcycle accident. He sustained injuries that required hospitalization for several days and prevented his working for two months. Approximately two weeks after the accident, Christopher left the marital home and moved in with his parents. Tracey filed a complaint for divorce on March 17, 1998, and Christopher filed an answer and counterclaim on May 1, 1998.
On November 3, 1998, the trial court entered a Final Judgment and Decree of Divorce. The court found that the family had lost income for the two months that Christopher was unable to work due to his injuries, and valued the lost income at $4,550. The court then allocated $4,550 of the personal injury award that Christopher will receive as a result of his accident[2] to wages lost during the marriage, and divided that amount equally between the parties as marital property pursuant to R.C.3105.171(C)(1). The court found the remainder of the award to be non-marital property. It ordered 10% of that amount distributed to Tracey as her separate property for her loss of consortium resulting from Christopher's injuries. The court distributed the remaining 90% to Christopher as his separate property.
Christopher appeals, presenting three assignments of error.
FIRST ASSIGNMENT OF ERROR
 WHEN DEFENDANT WAS INJURED IN A MOTORCYCLE ACCIDENT ON 9/5/97 AND THE PARTIES SEPARATED APPROXIMATELY TWO (2) WEEKS LATER ON 9/19/97, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING APPELLEE TEN PERCENT (10%) OF APPELLANT'S PERSONAL INJURY CLAIM AS HER SEPARATE CLAIM FOR LOSS OF CONSORTIUM.
 SECOND ASSIGNMENT OF ERROR
 ASSUMING THE TRIAL COURT HAD THE AUTHORITY TO AWARD APPELLEE PART OF APPELLANT'S CLAIM FOR PERSONAL INJURIES, ITS AWARD TO APPELLEE IN THE AMOUNT OF TEN PERCENT (10%) FOR LOSS OF CONSORTIUM WAS AN ABUSE OF DISCRETION, CONSTITUTED PREJUDICIAL ERROR AND WAS INEQUITABLE PURSUANT TO THE FACTS OF THIS CASE.
Christopher argues that the court erred in allocating Tracey 10% of his personal injury award because the entire award is his separate property, the parties' marriage having terminated before his accident.
Separate property includes "[c]ompensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets." R.C.3105.171(A)(6)(a)(vi).
 Ohio common law recognizes that when one spouse is injured, the other spouse is also damaged and may assert his or her own cause of action against the tortfeasor for those damages — i.e., a claim for loss of consortium. "Consortium consists of society, services, sexual relations and conjugal affection which includes companionship, comfort love and solace." Even though a loss of consortium claim is derivative in that it is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury, it is nonetheless legally separate and independent from the claim of the spouse who suffered the bodily injury.
 Schaefer v. Allstate Ins. Co. (1996), 76 Ohio St.3d 553, 557
(citations omitted).
Tracey's claim for loss of consortium is her separate property. The court set aside an amount from the personal injury award to compensate Tracey for her loss, and then distributed that share of the award to Tracey as her separate property. We find no error in that.
There is evidence supporting Tracey's claim for loss of consortium. Tracey testified that while Christopher was in the hospital, she visited him daily. Tracey further testified that she brought Christopher home from the hospital and cared for him until he moved in with his parents. During that time, she provided him 24-hour care. (T. 65). She also testified that she took Christopher to several of his doctor's appointments while he was recovering, after he had moved from the marital home. She was with him when the doctor removed his stitches and staples. (T. 56).
Contrary to Christopher's assertions, the Lee's marriage had not terminated prior to the accident. Both Christopher and Tracey testified that Christopher moved from the marital home approximately two weeks after the accident. (T. 23, 55-56). It was then that the parties separated. Even so, separation does not necessarily terminate a marriage de jure. Langer v. Langer
(1997), 123 Ohio App.3d 348. Further, the "duration of the marriage" lasts until the final hearing on the claim for divorce, in most instances. R.C. 3105.171(A)(2)(a).
A court of appeals may not reverse a trial court's division of property absent an abuse of discretion. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67. In applying an abuse of discretion standard, a reviewing court may not merely substitute its judgment for that of the trial court, but must be guided by the presumption that the trial court's findings are correct. Focke v. Focke
(1992), 83 Ohio App.3d 552. Abuse of discretion involves more than an error of law or in judgment; it implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
We find that the trial court did not abuse its discretion in awarding 10% of the personal injury award to Tracey as her separate property on her loss of consortium claims. However, the trial court erred in ordering the 10% calculated on the gross amount of the settlement or verdict. The 10% should be calculated on the net amount remaining after the $4,550 attributable to Christopher's lost wages and the reasonable expenses and attorney fees incurred in prosecuting the personal injury claim are both deducted from the total award. Thus, we modify the decree to reflect this change. Christopher's first and second assignments of error are overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY MISCALCULATING THE LOSS OF MARITAL EARNINGS AND COMPENSATION DUE TO APPELLANT'S PERSONAL INJURIES RESULTING FROM HIS MOTORCYCLE ACCIDENT DURING THE MARRIAGE.
Christopher argues that the trial court abused its discretion when it failed to deduct $1,500, representing an amount that he and Tracey had borrowed from his parents, from the $4,550 that the court set aside from his personal injury award as lost wages before dividing the remaining sum as marital property.
Christopher alleged in his counterclaim that "the parties have incurred joint debts during the term of the marriage." (Paragraph 6). In his Affidavit of Financial Disclosure that was filed May 1, 1998, Christopher listed monthly debt payments owed on a car, a motorcycle, a health club membership, and a consolidation loan. He did not list any amount borrowed from his parents.
At trial, Christopher testified that the parties had borrowed $1,500 from their parents, but he declined to identify those amounts as marital debts. (Tr. 32-34). The trial court did not find that the debt was an obligation of the marriage, and it ordered each party to pay any debt owed to his or her respective relatives.
Having failed to identify any amount owed his parents as a marital debt, Christopher has waived his right to argue that the court should have deducted an amount to repay the debt from any of the marital or separate property of the parties. Christopher's third assignment of error is overruled.
The trial court's decision is affirmed as modified by our decision of this date.
WOLFF, J. and FAIN, J., concur.
[1] The Court will refer to the parties by their first names for purposes of clarity and economy.
[2] The amount of that award is not reflected in the record.