OPINION
Allan Otis appeals from a final judgment and decree of divorce awarding spousal support and half of the marital home's appreciation in value during the marriage to his ex-wife, Patricia Otis.
Allan[1] and Patricia married on October 1, 1993. No children were born of the marriage. Allan filed a complaint for divorce on October 7, 1997.
A magistrate held a hearing on February 5, 1998. At the hearing, Patricia testified that for three prior years, she had earned $200 per week by taking care of children in her home, and that she received $300 per month in child support for a sixteen year old daughter from a previous marriage. (Tr. 25). She also testified that she had completed high school. (Tr. 40). Before she moved to Ohio from Florida to marry Allan, she had supported herself by simultaneously managing an apartment complex and a small car dealership. (Tr. 32-33).
Allan testified that he earned approximately $45,000 per year. (Tr. 54). He also testified that he had owned the marital home prior to his marriage to Patricia.
Patricia testified concerning repairs that she had made to the marital home. She stated that when she married Allan there were no appliances and that the walls needed drywall and paint. (Tr. 26). Approximately $9,321 worth of fixtures were added to the home during the marriage. (Tr. 38). She further testified that she tore out baseboards, stripped wallpaper, and painted and stenciled the walls. She introduced into evidence pictures of the living and dining rooms taken before and after the repairs. (Tr. 29). Allan did not dispute that the home was substantially more attractive after these various repairs were made. (Tr. 56).
Testimony revealed that the appraised value of the home for purposes of a home equity loan was approximately $62,500. (Tr. 64). Patricia stated that she believed the home's current fair market value was between $75,000 and $80,000. (Tr. 37). No other evidence was presented about the value of the home.
In his decision dated February 13, 1998, the magistrate found that the marital home had increased in value by $5,000 during the marriage. He awarded Patricia $2,500 of the increase. The magistrate also found that Patricia should be awarded spousal support because Allan had the ability and experience to earn substantially more than Patricia, and because of the retirement benefits available to him. The magistrate also found that Patricia had given up her home in Florida and her way of life to marry Allan. The magistrate then awarded Patricia spousal support in the amount of $550 per month for nine months.
Patricia objected to the magistrate's decision, arguing that the magistrate had failed to account for the decrease in the mortgage obligation on the home that had occurred during the marriage and that the magistrate had disregarded testimony regarding the fair market value of the home. Patricia also objected to the award of spousal support, arguing that it was insufficient to allow her to obtain health insurance or to make payments on her car loan and credit cards.
In ruling on Patricia's objections, the trial court found that the amount of spousal support awarded by the magistrate was inadequate. It thus awarded Patricia spousal support in the amount of $713.52 per month for eighteen months. Because no appraisal had been submitted to the magistrate, the court ordered the parties to obtain an appraisal at Patricia's expense. In a judgment entry of July 24, 1998, the trial court stated that although Patricia had offered a letter stating the result of the appraisals, she did not present the appraisals themselves. The court then overruled her objection on the appreciation issue.
In a subsequent entry of August 10, 1998, the trial court acknowledged that Patricia had properly submitted the appraisals. Pursuant to Civ.R. 60(A), the trial court vacated its July 24, 1998, entry. It then awarded half of the marital home's appreciation during the marriage to Patricia. In the Final Judgment and Decree of Divorce dated November 10, 1998, the trial court found that the market value of the marital residence had increased $10,000 during the marriage. The court then awarded Patricia $5,000.
Allan timely appealed both from the trial court's award of $5,000 to Patricia and from the Final Judgment and Decree of Divorce dated November 10, 1998. These appeals were consolidated. Allan presents four assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN VACATING ITS JULY 24, 1998 JUDGMENT ENTRY AND FINDING THE APPRECIATION IN THE VALUE OF THE MARITAL PREMISES TO BE $10,000
Allan argues that the trial court could not rely on the supplemental appraisals to determine the value of the marital residence because they were not introduced during the hearing before the magistrate. He also argues that the trial court could not correct its entry of July 24, 1998 pursuant to Civ.R. 60(A), because doing so would make a substantial change in the entry.
The trial court was authorized to vacate its prior, interlocutory order of July 24, 1998, overruling Patricia's objection to the magistrate's decision. It was not required to use Civ.R. 60(A) or 60(B) in doing so, because the provisions of Civ.R. 60 apply to final orders, not interlocutory orders. SeeBerdine v. Berdine (Aug. 15, 1997), Greene App. No. 96-CA-156, unreported.
Civ.R. 53 applies to all divorce cases heard by a magistrate. Civ.R. 75(C). Civ.R. 53(E)(4)(b) states, in pertinent part, that:
 The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
 The court was authorized to hear additional evidence in determining Patricia's objections to the magistrate's decision. In so doing, the court should have offered Allen an opportunity to challenge the additional evidence that Patricia offered by holding a hearing on the issues of fact involved. The court did not conduct a hearing, but instead proceeded to judgment on the basis of Patricia's evidence. However, the court had announced its intention to do just that in its Judgment Entry of May 4, 1998, which stated that "[a]fter a review of the real estate appraisals, the Court will rule on this portion of [Patricia's] objections." Allen did not bring the error involved in that form of proceeding to the court's attention in order that it could be avoided. He has waived his right to object to the error on appeal to this court.
Allan's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DEEMING ALL OF THE INCREASE IN THE VALUE OF THE MARITAL PREMISES AS MARITAL PROPERTY
Allan argues that Patricia contributed only routine maintenance and redecorating to the marital home, not money. He further argues that the increase in value was not a result of their joint effort, but passive appreciation due to market forces.
Marital property is "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution or either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(b). Passive income is "income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse." R.C. 3105.171(A)(4). Passive income and appreciation on separate property is that spouses's separate property. R.C. 3105.171(A)(6)(a). However, "when either spouse makes a labor, money, or in-kind contribution that causes an increase in the value of separate property, that increase in value is deemed marital property." Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 400.
A trial court has broad discretion in making divisions of property in domestic relations cases. Berish v. Berish (1982),69 Ohio St.2d 318. A trial court's decision will not be reversed in the absence of an abuse of discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court but must be guided by a presumption that the findings of the trial court are correct." Focke v. Focke (1992), 83 Ohio App.3d 552,555.
If there is some competent, credible evidence that the marital home appreciated in value during the marriage and that the appreciation was because of Allan's or Patricia's labor, money, or in-kind contribution, then the appreciation is marital property and subject to division.
Evidence presented at trial revealed that fixtures totaling $9,321 were added to the house during the marriage. (Tr. 38). Further, Patricia testified that she had torn out baseboards, stripped wallpaper, painted, and stenciled the walls. (Tr. 29). Thus, the evidence was sufficient to permit the court to find that Patricia's own labor, not passive appreciation or ordinary maintenance, increased the value of the marital home by the amount found. We conclude that the trial court did not err in attributing the appreciation in the marital home to the efforts of Allan and Patricia.
Allan's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN INCREASING THE AMOUNT AND DURATION OF SPOUSAL SUPPORT FROM THAT WHICH WAS RECOMMENDED BY THE MAGISTRATE
"In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law." Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 97. In Kaechele, when dividing property and awarding sustenance alimony, a trial court did not specifically address a contingent bonus that a husband might receive. On review, an appellate court could not determine whether the division of assets and award of alimony was inequitable, as asserted on appeal, because the trial court's award was not sufficiently detailed. The Supreme Court thus remanded the case to the trial court so that it could do so.
The trial court's failure to indicate the basis for its award of spousal support, as Kaechele requires, is reversible only when the amount or duration of the award is attacked as an abuse of discretion in relation to one or more factors that R.C. 3105.18
requires the court to consider. However, Allan makes no such argument here. He merely argues that the trial court erred in not reciting a reason for the award, not what facts make the award an abuse of discretion. Thus, in the absence of such an argument, we cannot find that the trial court erred in failing to be more detailed in the division of property and award of spousal support.
Allan's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED IS (SIC) DISCRETION IN FAILING TO RESERVE CONTINUING JURISDICTION OVER THE ISSUE OF SPOUSAL SUPPORT
The trial court that enters the decree of divorce lacks jurisdiction to subsequently modify the amount or terms of the spousal support unless it determines that the circumstances of the parties has changed and the decree contains a provision authorizing the court to so modify it. R.C. 3105.18(E)(1). The decision whether to retain that jurisdiction is within the trial court's sound discretion. See Ricketts v. Ricketts (1996),109 Ohio App.3d 746, 755.
Failure to retain jurisdiction may be an abuse of discretion where a permanent or long-term award is ordered. See Leis v. Leis
(Sept. 20, 1995), Miami App. No. 94CA54, unreported. Here, the trial court awarded Patricia spousal support in the amount of $713.52 for a period of eighteen months. We cannot find the trial court abused its discretion in failing to reserve continuing jurisdiction where it awarded reasonable spousal support for a relatively short and definite period of time.
Allan's fourth assignment of error is overruled.
Having overruled all of Allan's assignments of error, the judgment of the trial court is affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Richard Hempfling, Esq.
Kathy L. Ellison, Esq.
Hon. Judson L. Shattuck, Jr.
[1] For purposes of clarity and economy, we will refer to the parties by their first names.