OPINION
This timely appeal arises from the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, adopting a Magistrate's decision granting a divorce to Appellant. Appellant asserts that the trial court abused its discretion when dividing the marital property and in awarding Appellee permanent spousal support. For the following reasons, this Court affirms the trial court.
Mervin J. White ("Appellant") and Melda Jean White ("Appellee") were married on September 4, 1964. For the vast majority of the marriage, Appellant was employed at General Motors-BOC Group. Appellee was a certified teacher who taught for approximately three years but left that profession at the Appellant's request to rear the parties' children. The parties' marriage produced four children who were emancipated at the time this action commenced. During the marriage, the parties accumulated substantial assets consisting of investment accounts, investment property, personalty and realty.
On November 14, 1994, Appellant filed for divorce. Appellee answered, counterclaimed, and eventually joined several parties which had control over various marital assets. Trial in this matter commenced before a court Magistrate on November 6, 1996, and proceeded on several different dates until its conclusion on August 15, 1997. On November 19, 1997, the Magistrate issued his decision, which contained findings of fact and recommendations. The recommendations relevant to this appeal are as follows:
 "2) . . . that [Appellee] be awarded the marital residence . . .
 "3) . . . that [Appellant] be awarded the rental premises located at 2021 Elm and 1922 Logan...
 "13) . . . that [Appellant] pay, as and for spousal support, subject to the continuing jurisdiction of the Court, the sum of $750.00 per month . . .
 "53) . . . that a further order of spousal support be ordered directing the [Appellant] pay to [Appellee] the sum of $5000.00 as attorney's fees."
Overall, the Magistrate divided the marital property, including various investment accounts, equally. However, the Magistrate awarded Appellant an additional $3,500.00 in assets based on his finding that Appellee dissipated or allowed to be dissipated certain items from the marital residence. (Magistrate's Decision, p. 30). This resulted in Appellant receiving $293,576.68 in assets and Appellee receiving $290,076.68 in assets. The magistrate further determined that the Mahoning County Sheriff's Department had confiscated $25,000.00 from Appellant several years earlier in connection with Appellant's arrest on suspicion of embezzlement. The Magistrate found that upon Appellant's release, $1000.00 was applied to Appellant's bail, $4000.00 was applied towards the parties' 1994 joint taxes, $5000.00 was used to pay Appellant's former counsel, and $5000.00 was paid to Appellee's counsel. The magistrate determined that this distribution was equitable and made no further recommendation regarding this issue. (Magistrate's Decision, p. 10, 25)
After overruling the timely objections raised by both parties, the trial court adopted the Magistrate's decision as its own. (Judgment Entry, December 19, 1997). On September 1, 1998, Appellant filed his brief with this Court raising two assignments of error. For his first assignment of error, Appellant argues that:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DIVIDING THE MARITAL ASSETS."
In this generalized assignment of error, Appellant appears to be arguing that the trial court abused its discretion when it granted sole possession of the marital residence to Appellee and awarded the rental properties to Appellant. Appellant also asserts that the trial court abused its discretion when it purportedly failed to account for the $25,000.00 that Appellant alleges was, "in essence stolen from Appellant by the Sheriff's Department." (Appellant's Brief, p. 4)
As a preliminary matter, this Court is compelled to note with distaste the tone of Appellant's brief to this Court. While we are mindful that any divorce action following a long term marriage coupled with the necessary property divisions has the potential to result in animosity between the parties, personal attacks, sophomoric name calling and unsubstantiated claims are unwarranted in a brief, particularly one filed by counsel, to this Court.
Turning now to the issues raised in Appellant's first assignment of error, Appellant correctly notes that R.C. § 3105.171(C)(1) provides that, except as otherwise provided by law, the division of marital property shall be equal. This statute goes on to state:
 "If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable."
Id.
Appellant also correctly observes that R.C. § 3105.171(F) enumerates the factors that the trial court must consider when dividing the marital property. These factors are as follows:
"(1) The duration of the marriage;
"(2) The assets and liabilities of the spouses;
 "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
"(4) The liquidity of the property to be distributed;
 "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 "(9) Any other factor that the court expressly finds to be relevant and equitable."
While these factors must be considered by the trial court, they do not absolutely control the trial court's judgment. A trial court has broad discretion in making divisions of property in domestic relations cases. Berish v. Berish (1982), 69 Ohio St.2d 318
. Therefore, the trial court's judgment will not be disturbed in the absence of an abuse of that discretion. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128. While Appellant correctly observes that it is a great burden to establish this sort of abuse, he maintains, however that the actions which occurred in this matter rise to this level.
An abuse of discretion is conduct by the trial court which may only be characterized as unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. If there is some competent, credible evidence to support the trial court's decision, no abuse of discretion exists and the judgment will not be disturbed. Ross v. Ross (1980), 64 Ohio St.2d 203; Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401.
Appellant's first complaint is that the lower court abused its discretion in awarding the marital residence to Appellee. Appellant fails to articulate, however, how that abuse occurred other than generally concluding that the marital residence should have been given to him or sold.
Appellant's argument is unimpressive. The Magistrate heard testimony that the home was built during the parties' marriage, that Appellee made numerous improvement to the property and helped to pay the taxes on the property. (Transcript, pp. 92, 95, 101-106). The Magistrate also valued the residence at the value established by Appellant's own appraiser. (Magistrate's Decision, p. 19)
Next, Appellant alleges the trial court abused its discretion by awarding him the rental properties. Again, Appellant fails to direct our attention to any part of the record or to specify a legal argument in support of this contention other than a conclusory assertion that Appellee should have received them. Interestingly, Appellant concedes that this aspect of the division of property appears to be equitable. (Appellant's Brief, p. 5)
Lastly, Appellant contends that the trial court abused its discretion in failing to correct a perceived inequitable distribution of $25,000.00 which apparently was seized by the Sheriff's Department. Appellant does not explain how that discretion was abused or how that previous distribution resulted in an inequity.
The Magistrate noted that the money had been returned and applied toward Appellant's bail, to the parties' back taxes, and for attorney fees. This finding is supported by testimony reflected in the transcript. (Transcript, p. 220-221, 327).
As there was competent and credible evidence supporting the lower court's judgment, there was no abuse of discretion and Appellant's first assignment of error is overruled in its entirety.
Appellant's second assignment of error provides as follows:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING PERMANENT SPOUSAL SUPPORT TO APPELLEE AND IN NOT RETAINING JURISDICTION TO MODIFY OR TERMINATE SUCH SUPPORT."
In this assignment of error, Appellant alleges that the trial court abused its discretion in awarding permanent spousal support to Appellee and in not retaining jurisdiction in order to modify or terminate the support award in the event circumstances change. Addressing the jurisdictional question first, the Magistrate clearly awarded spousal support, "subject to the continuing jurisdiction of the Court." (Magistrate's Decision, p. 30). Appellant's contention to the contrary is baseless.
We now turn our attention to the actual award of spousal support. We note that Appellant's argument does not challenge the amount of the spousal support awarded but instead argues that support should not have been awarded at all due to Appellee's alleged failure to demonstrate financial need which would warrant such support.
Under R.C. § 3105.18(A), spousal support is defined as payments to a spouse for sustenance and support. R.C. § 3105.18(C) provides:
 "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties * * *;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"* * *
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties * * *;
 "(j) The contribution of each party to the education training, or earning ability of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
As is illustrated from a review of the above quoted statutory factors and contrary to Appellant's position, an award of spousal support is no longer predicated on the idea of need. R.C. § 3105.18, as amended January 1, 1991, directs courts to consider the appropriateness and reasonableness of spousal support rather than necessity. This court has previously addressed the statutory amendment in Tomovcik v. Tomovcik (Jan. 22, 1997), Jefferson App. No. 95 JE 22, unreported, p. 3, recognizing the shift in the statute's focus. Therefore, under R.C. § 3105.18(C) a court considering an award of spousal support should consider all fourteen factors listed in R.C. § 3105.18(C) and award only an amount, "which is appropriate and reasonable, not an amount based upon need." Schultz v. Schultz (1996), 110 Ohio App.3d 715, 724.
This Court has also previously held that an award of spousal support will be viewed as reasonable if it is, "fair, proper, just, moderate, suitable under the circumstances, [and] [f]it and appropriate to the end in view." Olenik v. Olenik (September 18, 1998), Mahoning App. No. 94 CA 139, unreported. Therefore, spousal support can be reasonable even if it exceeds the payee's need. Id. When a trial court's decisions are required to be reasonable, we are guided by the presumption that the lower court's findings are correct. Focke v. Focke (1992), 83 Ohio App.3d 552,555, citing In re Jane Doe 1 (1991), 57 Ohio St.3d 135
. This presumption is overcome and a reviewing court shall reverse an award of spousal support only if, after considering the totality of the circumstances, an abuse of discretion by the trial court is discovered. Kasmer v. Kasmer (Aug. 26, 1999), Mahoning App. No. 98 CA 132, unreported. As noted earlier, an abuse of discretion connotes action by the trial court which is unreasonable, arbitrary or unconscionable, Blakemore, supra. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion and that judgment will not be disturbed. Ross, supra; Middendorf, supra.
In the case before us, Appellant's second assignment of error is based solely on the contention that the trial court abused its discretion in failing to consider the applicable statutory factors when it awarded Appellee spousal support. This contention, however, finds no support in the record before us. Indeed, our review of the record specifically reveals that the trial court carefully considered and weighed factors such as the long duration of the marriage, the parties' respective salaries and earning abilities, as well as each and every relevant factor enumerated in R.C. § 3105.18(C)(1). (Magistrate's Decision, pp. 26-27). As such, and based on the totality of the circumstances, it cannot be concluded that the award of $750.00 per month in spousal support or the single support award of $5,000.00 to pay Appellee's attorney's fees pursuant to R.C. § 3105.18(H) was unreasonable or inappropriate.
For all of the foregoing reasons, this Court finds no merit in either of Appellant's assignments of error and each are accordingly overruled. The judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.
COX, P.J., concurs.
DONOFRIO, J., concurs.
APPROVED:
 ________________________ CHERYL L. WAITE, JUDGE