OPINION
This matter presents a timely appeal from a judgment rendered by the Belmont County Common Pleas Court, Domestic Relations Division, granting plaintiff-appellee, Charles E. Ballard, and defendant-appellant, Barbara L. Ballard, a divorce and awarding appellant spousal support for a total time period of six years. For the following reasons, the judgment of the trial court is reversed in part and this cause is remanded.
 STATEMENT OF THE FACTS
At the outset, we note that appellee has failed to file a brief in response to the arguments proposed by appellant. Pursuant to App.R. 18(C), this court may accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain such action.
The parties to this matter were previously married and divorced. They had one child who had become emancipated by the time of this action. The trial court determined that in 1979, the parties entered into a common law marriage, which is the subject of the current litigation.
On December 11, 1998, appellee filed a complaint for divorce with the trial court. Appellant responded by filing an answer and counterclaim. Prior to the final hearing in this case, the parties settled all issues except those concerning spousal support and whether a certain motor vehicle purchased during the marriage was a gift or marital property. A final hearing was held on May 5, 1999, at which time the trial court heard testimony and received evidence with regards to the remaining disputed issues.
On May 25, 1999, the trial court filed its opinion and decision, granting the parties a divorce and addressing the disputed issues. Upon considering the factors listed in R.C. 3105.18(C)(1), the trial court determined that appellant was entitled to spousal support for a total of six years, $616 per month for the first year and $400 per month for the remaining five years. On July 7, 1999, an amended dual judgment decree of divorce was executed by counsel for both parties and filed. This appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN APPLYING THE FACTORS UNDER OHIO REVISED CODE § 3105.18(C)(1) TO THE FACTS AND CIRCUMSTANCES OF THE CASE AT BAR AND, THEREFORE, FAILED TO REACH AN EQUITABLE RESULT WHEN IT AWARDED SPOUSAL SUPPORT TO THE DEFENDANT-APPELLANT."
 STANDARD OF REVIEW
The abuse of discretion standard is applicable to appellate review of domestic relations matters relating to spousal support. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Id. In reviewing a spousal support award on appeal, the appellate court must look at the totality of the circumstances and determine whether the trial court acted in such a manner so as to abuse its discretion. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67.
 LAW AND ANALYSIS
Pursuant to R.C. 3105.18(B), a trial court may award reasonable spousal support in an amount the court deems equitable. Before making the award, the trial court must consider the factors set forth in R.C. 3105.18(C)(1). The trial court must then award only an amount, "which is appropriate and reasonable, not an amount based upon need." Schultz v. Schultz (1996),110 Ohio App.3d 715, 724. To the extent feasible, each party should enjoy, after termination of a marriage, a standard of living comparable to that established during the marriage as adjusted by the various factors in R.C. 3105.18(C)(1). Perorazio v. Perorazio (Mar. 17, 1999), Columbiana App. No. 96CO60, unreported.
This court has previously held that an award of spousal support will be viewed as reasonable if it is, "fair, proper, just, moderate, suitable under the circumstances, [and] [f]it and appropriate to the end in view."Olenik v. Olenik (Sept. 18, 1998), Mahoning App. No. 94CA139, unreported. Thus, trial court decisions are required to be reasonable. In reviewing same, we are guided by the presumption that the court's findings are correct. Focke v. Focke (1992), 83 Ohio App.3d 552, 555. However, the trial court's judgment entry must contain reasoning to support a spousal support award "in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,97.
In the case at bar, the trial court considered the factors enumerated in R.C. 3105.18(C)(1) and addressed those factors in its opinion and decision filed May 25, 1999, which it considered most germane to its determination regarding spousal support.
Appellant nonetheless maintains that based upon the disparity in the parties' respective incomes and their lengthy twenty year marriage, the trial court should have awarded her a greater amount of spousal support per month and, likewise, should have granted such support for a longer period of time. Appellant complains that her loan obligation on the disputed motor vehicle, which was ultimately awarded to her by the trial court, was not taken into consideration when the court fashioned its spousal support award. Appellant also submits that contrary to the trial court's finding that the parties appeared to be in good physical and mental health, she had suffered some physical injuries and mental health problems.
Appellant contends that appellee received minimal debt liability and, thus, would have had a greater amount of disposable income from which to pay spousal support. Appellant further states that in light of the trial court's spousal support award, she cannot maintain the standard of living which she attained during the marriage. Therefore, appellant concludes that the trial court misinterpreted the evidence presented and failed to reach an equitable result. We agree.
In 1998, the year preceding the divorce, appellant earned $5,400; appellee earned $59,380. The trial court noted the huge disparity in income. It also recognized that during the marriage, appellant specialized in household production while appellee specialized in income production. The court found that "Through this twenty year marriage, a child was raised, household kept in order and assets accumulated. During this time span, [appellee's] earning ability was enhanced significantly in comparison to [appellant's]." (Opinion and Decision, 7). It noted that appellant's contributions to appellee's earning abilities resulted in her reduced earning potential. The court also found that appellant's income and earning potential along with her new financial obligations would not permit her to maintain the standard of living attained during the marriage while appellee's income and earning potential offered greater flexibility for maintaining such a standard. The trial court thus determined that spousal support was necessary. Notwithstanding this determination, the court awarded appellant the mere sum of $616 per month for the first year and $400 per month for the following five years. If appellant's and appellee's income remained constant, the result of this award would be that appellant would have an annual income of $12,792 the first year while appellee's annual income would be $51,988. For the subsequent five years, appellant would earn $10,200 compared to appellee's $54,580. On its face, this can hardly be considered "fair, proper, just, moderate, suitable under the circumstances, [and] [f]it and appropriate to the end in view." Olenik, supra.
In Williams v. Williams (1996), 116 Ohio App.3d 320, the parties were married for eight years. Based upon their respective salaries in the years immediately preceding the divorce, the trial court determined that the wife's earning potential was $14,000 per year and the husband's earning potential was $100,000 per year. The wife received an award for spousal support in the amount of $1,000 per month for eighteen months. She appealed this award, claiming that it was insufficient. The Sixth District Court of Appeals reversed the trial court. It concluded:
 "the trial court failed to properly consider the great disparity between the earning abilities of the parties and the great disparity between the standard of living the parties enjoyed during the marriage compared to the standard of living [the wife] could expect to maintain following the marriage on such a small amount of spousal support." Id. at 327.
Likewise, in Dockus v. Dockus (Apr. 8, 1996), Stark App. No. 1995CA00252, unreported, the Fifth District Court of Appeals reversed the trial court's spousal support award to the wife in the amount of $200 per month for two years. In that case, the parties were married for twenty-seven years. The wife earned $4,732 per year while the husband earned $47,316.79 annually. The Court of Appeals concluded that the trial court abused its discretion in determining such a low amount of spousal support given the duration of the marriage and the parties' relative earning potential. Id.
Considering the totality of the circumstances in this case, as we must, we note that a six-year limitation on the award was not improper. In Kunkle, supra at 69, the Ohio Supreme Court held:
 "except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
While appellant presently suffers from a diminished earning capacity and is unable to attain the same standard of living she enjoyed while she was married, six years is a reasonable time for her to obtain job training and pursue an education. At the time of the divorce, appellant was forty years old. (Tr. 41). Appellant claims that she suffers from severe physical, mental and emotional conditions. However, she admitted that such infirmities do not appear to be of a permanent nature. (Tr. 106). Appellant's affidavit indicates that she has two years of education beyond high school and is trained as a tax preparer. As such, permanent spousal support was not in order.
However, we find that the trial court abused its discretion in awarding spousal support in an amount that leads to such disparity between the parties. While a large disparity between the respective incomes of the parties does not in and of itself mandate a reversal, we have no alternative but to do so in this instance in the absence of findings of fact showing such a disparity is unavoidable or is otherwise equitable. On this basis, appellant's assignment of error is sustained.
For the foregoing reasons, the judgment of the trial court is reversed in part and this cause is remanded to the trial court with instructions to modify its judgment in accordance with the law and this court's opinion.
DONOFRIO, J., concurs, DeGENARO, J., concurs.