OPINION
{¶ 1} Defendant-appellant Cheryl Winter appeals the April 9, 2002 Final Entry of Divorce and Division of Property of the Stark County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee is Richard L. Winter.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties married on August 13, 1983. Four children were born as issue of the marriage: Chad, Alex, Katie, and Daniel.
 {¶ 3} In 1995, the parties started their own trucking business. At that time, appellant quit her other jobs and started working for the business. The business was a sole proprietorship until 2001, when appellees set the business up as a corporation, RLW Trucking, Inc. ("RLW"). Since 1997, RLW has had only one client, B-Rite Trucking. RLW does not have a contract with B-Rite Trucking, and B-Rite Trucking is under no future obligation to continue its relationship with RLW.
 {¶ 4} On March 16, 2001, appellee filed a Complaint for Divorce in the Stark County Court of Common Pleas, Domestic Relations Division. On March 25, 2002, the matter proceeded to trial. At trial, both appellant and appellee presented expert testimony related to the business and the marital residence.
 {¶ 5} Appellee presented the testimony of Bruce McDonald, a certified public accountant for thirteen years. Mr. McDonald explained he explored several different evaluation methodologies to arrive at a fair market value for RLW. Mr. McDonald partially employed the "discounted future earnings method," but did not fully employ this method to arrive at his final opinion as to RLW's fair market value due to the uncertainty of the continuation of the company, and the lack of any written contract with B-Rite Trucking. Mr. McDonald also testified he used the net asset valuation method. Using a combination of these two methods, Mr. McDonald found the fair market value of RLW to be $21,300.
 {¶ 6} Appellant also presented the testimony of an accountant, however the accountant did not ascribe a value to the business. Rather, appellant's accountant determined appellee's income for the year 2001 was $172,271.08.
 {¶ 7} Each of the parties also provided an appraisal of the marital residence. Appellant's appraisal reflected a fair market value of $87,000. However, appellee's expert appraised the marital residence at $104,000.
 {¶ 8} The trial court also heard evidence on the tax liabilities of the parties. In 1996, the parties filed a joint tax return. In the years 1997 through 2000, appellant filed a married but filing separately tax return. In the same years, appellee failed to file any return, or to pay his tax obligations. The parties' total tax liability, without interest and penalties, amounted to $112,690.55. Finally, the trial court heard evidence with respect to the parties' costs for health insurance. Appellee testified he made monthly payments for health insurance in the amount of $743.20. He testified his payments for his children alone were approximately $700.00 per month.
 {¶ 9} In an April 9, 2002 Judgment Entry, the trial court granted the parties a divorce. The trial court valued the business at $21,300 and valued the marital residence at $104,500. The trial court also made a distributive award assessing a greater portion of the tax obligations acquired during the parties' marriage to appellee. The trial court allocated 75% of the tax liability to appellee and 25% to appellant. Finally, the trial court ordered appellee to pay spousal support and child support. In making a determination of the appropriate amount of child support, the trial court took into account appellee paid $700.00 per month or $8,400.00 per year for health insurance for the children. Appellant now appeals from the April 9, 2002 Judgment Entry assigning the following errors for our review:
 {¶ 10} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADOPTING THE TESTIMONY OF APPELLEE'S EXPERTS AS IT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 {¶ 11} "II. THE TRIAL COURT COMMITTED ERROR IN ITS DIVISION OF PROPERTY SUCH THAT THE DIVISION IS UNREASONABLE AND INEQUITABLE.
 {¶ 12} "III. THE TRIAL COURT COMMITTED ERROR IN ITS CALCULATION OF CHILD SUPPORT."
 I. {¶ 13} In appellant's first assignment of error, she maintains the trial court erred in adopting the testimony of appellee's experts as it was unsupported by sufficient evidence. We disagree.
 {¶ 14} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 15} When determining the value of a marital asset, a trial court is not required to use a particular valuation method. James v.James (1995), 101 Ohio App.3d 668, 681, 656 N.E.2d 399, 407; Focke v.Focke (1992), 83 Ohio App.3d 552, 554, 615 N.E.2d 327. R.C. 3105.171(E) permits the trial court to make a distributive award to facilitate, effectuate, or supplement a division of marital property, or in lieu of a division of marital property to achieve equity between the spouses, or to compensate one spouse for the financial misconduct of the other spouse. Appellant does not dispute the trial court heard evidence on the fair market value of the home. Neither does appellant explain why her appraisal for the fair market value of the house should have been adopted by the trial court instead of the appraisal presented by appellee. Appellant's expert did not present the trial court with an opinion as to the fair market value of the business. Further, the trial court was free to value the business based upon all of the testimony adduced at the hearing.
 {¶ 16} We find the trial court's determinations of the fair market value of the house and of the business were supported by competent, credible evidence. As discussed above, appellee's expert detailed the methods he used to arrive at a value for the business. Appellant's expert did not give an opinion of the business value. The trial court also heard the opinions of two appraisers, and apparently found one more realistic than the other. These determinations were supported by competent, credible evidence. Appellant's first assignment of error is overruled.
 II. {¶ 17} In appellant's second assignment of error, she maintains the trial court failed to equitably divide the marital assets. Within the first part of this assignment of error, appellant again claims the trial court improperly valued the marital residence, which in turn, caused an inequitable division of marital assets. Because we discussed the trial court's evaluation of the marital residence in our analysis of appellant's first assignment of error, we will not address it herein. Appellant also argues the trial court erred in dividing the parties' obligations with respect to state and federal taxes. We disagree.
 {¶ 18} As a general matter, we review the overall appropriateness of the trial court's property division pursuant to divorce proceedings under an abuse-of-discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 19} The Ohio Supreme Court has long recognized a trial court is vested with broad discretion in fashioning its division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609. R.C. 3105.171(B) and (C)(1) provide, in a divorce proceeding, all marital property is to be divided equally unless an equal division would be inequitable. In that case, the marital property is to be divided in an equitable manner. Moreover, R.C. 3105.171(E) provides in order to effectuate a division of marital property, and in order to achieve equity between the parties, the court may make a distributive award.
 {¶ 20} R.C. 3105.171(F) sets forth the factors which a trial court shall consider in making a division of marital property, and in determining whether to make, and the amount of any distributive award. Those factors are:"(1) The duration of the marriage;"(2) The assets and liabilities of the spouses;"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;"(4) The liquidity of the property to be distributed;"(5) The economic desirability of retaining intact an asset or an interest in an asset;"(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 21} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;"(9) Any other factor that the court expressly finds to be relevant and equitable."In this assignment of error, appellant maintains the trial court erred in dividing the parties' state and federal tax debt. Specifically, appellant claims the trial court erred in finding that all tax liabilities were marital debt when appellant had filed separate returns for the years of 1997 through 2000. Further, appellant maintains appellee had drug and alcohol problems. From this fact, appellant contends it is reasonable to assume the money that should have gone to pay taxes was instead taken by appellee to satisfy his drug and alcohol addictions.
 {¶ 22} In its April 9, 2002 Judgment Entry, the trial court made the following findings with regard to the tax obligations:
 {¶ 23} "The Husband failed to satisfy his tax obligations to the state and Federal government during the tax years 1996, 1997, 1998, 1999 and 2000, amassing a total tax obligation of $122,280, less any interest or penalties. Because the Husband controlled the business income during this period of time, these obligations were incurred without the Wife's knowledge or consent, the Court finds it equitable to assess a greater tax obligation to him, rather than the Wife, although the Court recognizes that this is a marital debt. The Husband shall be responsible for 75% of the tax liability, penalties and interest. The Wife shall be responsible for 25% of the tax liability, penalties and interest."
 {¶ 24} We find no abuse of discretion in the trial court's decision to fashion a distributive award with regard to the tax obligation. Although appellant incurred most of the tax debt individually, this debt was incurred during the marriage. Accordingly, notwithstanding any drug or alcohol problems appellee may have had, money which was due the federal government from a married but filing separately tax return was instead used to supplement the living expenses of both parties. Further, we note the trial court did not divide the debt equally, instead assigning blame to appellee for failing to satisfy these tax obligations in a timely fashion.
 {¶ 25} Although not separately assigned as error, appellant argues within this assignment of error the trial court erred in ordering the sale of the marital home. Because appellant has failed to comply with App.R. 12 and 16, we are under no obligation to review this argument. However, we note we would find no abuse of discretion in the trial court's decision to order the marital home sold. The property division exhibit, attached to the April 9, 2002 Judgment Entry, indicates the sale of the home was necessary to satisfy the marital debt of the parties. Appellant has argued she was financially capable of continuing to make the mortgage payments. However, even if true, this fact does not demonstrate how the marital debts could be satisfied without the sale of the marital residence. Accordingly, we find no abuse of discretion in the trial court's decision to order the sale of the home.
 {¶ 26} Appellant's second assignment of error is overruled.
 III. {¶ 27} In appellant's third assignment of error, she maintains the trial court erred in its calculation of child support. Specifically, appellant contends the health insurance credit given to appellee in its calculation of child support was to high. Appellee claims appellant's latest tax return shows he only deducted $4,459 for health insurance. However, the trial court credited appellee with $8,400 for health insurance for the year. Again, appellant points to no portion of the record to demonstrate how the trial court erred in arriving at the $8,400.00 figure.
 {¶ 28} However, appellee testified he made monthly payments for the health insurance in the amount of $743.20. In support, appellee presented the trial court with a statement from his insurance company which outlined his insurance costs. After deducting an amount for his own health insurance, appellee estimated his payments for his children were $700 per month.
 {¶ 29} We find the trial court's use of $8,400 was supported by competent, credible evidence. Accordingly, appellant's third assignment of error is overruled.
 {¶ 30} The April 9, 2002 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.
topic: MWE; division of marital property; child support.