OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Bisker, Appellant, v. Bisker, Appellee.
[Cite as Bisker v. Bisker (1994),     Ohio St.3d    .]
Domestic relations -- Divorce and alimony -- Vested pension
     plan accumulated during marriage is marital asset and must
     be considered in conjunction with other factors listed
     under R.C. 3105.18 in dividing marital assets.
     (No. 93-51 -- Submitted February 2, 1994 -- Decided July
27, 1994.)
     Appeal from the Court of Appeals for Mahoning County, Nos.
90 C.A. 82, 90 C.A. 104 and 90 C.A. 105.
     Appellant, Barbara A. Bisker, and appellee, Albert D.
Bisker, were first married on February 7, 1959.  They were
divorced in May 1983, remarried two months later, and divorced
again in May 1988.  The parties are before this court seeking a
determination of whether Albert's vested pension fund should
have been considered as a divisible marital asset during the
divorce proceedings.
     Pursuant to the first decree of divorce, the Mahoning
County Court of Common Pleas, Division of Domestic Relations,
incorporated into its journal entry an oral separation
agreement.  The trial court entry notes that the parties had
agreed on a division of assets and it was merely memorializing
their wishes.  No mention is made of the pension fund in the
court's entry.
     Prior to their remarriage, the parties entered into an
antenuptial agreement in which Albert surrendered his rights to
the marital home.  No other subject is mentioned in the
antenuptial agreement.
     In its second entry of divorce, the trial court held the
antenuptial agreement between Albert and Barbara to be
invalid.  The trial court divided the marital assets, set child
support for the parties' then-minor son, and awarded alimony to
Barbara.  The entry makes no mention of Albert's vested
Chrysler pension fund.
     Barbara appealed, claiming that the antenuptial agreement
was valid and that the trial court should have divided Albert's
pension benefits as marital property.  The court of appeals
affirmed the judgment of the trial court in all respects

material to this appeal, holding that the pension benefits that accrued prior to the remarriage of the parties were disposed of under the original divorce decree.

This matter is now before this court pursuant to the allowance of a motion to certify the record.

Zashin, Rich & Sutula Co., L.P.A., Robert I. Zashin and Bessie J. Cassaro, for appellant.

Avetis G. Darvanan, for appellee.

Moyer, C.J.    It is syllabus law in Ohio that a vested pension plan accumulated during marriage is a marital asset that must be considered in arriving at an equitable division of property.  Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 541 N.E.2d 597.  The version of R.C. 3105.18 in effect at the time of the parties' original divorce required the trial court to consider the retirement benefits of the parties when dividing marital assets.  R.C. 3105.18(B)(3).  (135 Ohio Laws, Part II, 614.)  The trial court's duty in this regard remained the same when the second divorce decree was journalized.  However, in neither case did the trial court address appellee's vested pension fund as a marital asset subject to division.

A trial court is vested with broad discretion when fashioning its division of marital property.  Berish v. Berish (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183.  However, a trial court's discretion is not unbridled.  The award need not be equal, but it must be equitable.  Cherry v. Cherry (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293.  A reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable.  Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.  At a minimum, the trial court must address the factors listed in R.C. 3105.18 in arriving at its decision.  To do otherwise is an abuse of discretion.  In all pertinent respects, the law is the same now as it was at the time of the parties' first divorce.

The record does not indicate that the trial court, at any juncture of the current proceedings, ever reviewed the retirement benefits of the parties as mandated by R.C. 3105.18.  The trial court's orders are therefore incorrect as a matter of law.  During the first divorce proceeding, the trial court did not conduct an independent review but, rather, took the parties' oral agreement at face value.  This error cannot be corrected by a subsequent remarriage.  The issue remained unsettled at the time of the second divorce and again was not addressed.  Instead of rectifying an earlier omission, the trial court compounded it and the court of appeals affirmed it.

The trial court erred as a matter of law and, therefore, this matter must be remanded for a review of appellee's pension benefits and their impact on the ultimate division of property.

By her second proposition of law, appellant argues that the antenuptial agreement executed prior to the parties' second marriage should not have been invalidated.  The court of appeals held that the trial court did not abuse its discretion in concluding that the parties were not adequately informed of their respective financial positions prior to the execution of

the agreement.  Consequently, the requirements for a valid agreement were not met.  Gross v. Gross (1984), 11 Ohio St.3d 99, 11 OBR 400, 464 N.E.2d 500.  It seems paradoxical that appellant first argues that a full disclosure of pension rights was not made, but then comes full circle to argue that full disclosure was made when this argument benefits her. Regardless of this apparent incongruity, the validity of the antenuptial agreement at issue was a question of fact best left to the trial court.  That decision was not arbitrary or unconscionable and, hence, will not be overturned.

For the foregoing reasons, the judgment of the court of appeals is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.