OPINION
{1} Plaintiff-appellant, Larry Long, appeals a decision by the Defiance County Common Pleas Court granting the parties' divorce and making a distributive award in favor of defendant-appellee, Karen Long. On appeal, Larry contends that the trial court's distributive award of half his pension to Karen was an abuse of discretion and against the manifest weight of the evidence because the court did not have a transcript of the proceedings before the magistrate. However, even in the absence of a transcript, a trial court has authority to determine if the magistrate's findings of fact are sufficient to support the conclusions of law drawn therefrom and come to a different legal conclusion if supported by the magistrate's findings of fact. Because we find that the trial court did not abuse its discretion in reaching its conclusions of law herein, we affirm the decision of the trial court.
{2} Facts and procedural posture pertinent to issues raised on appeal are as follows. Larry and Karen Long began cohabitating shortly after their first divorce in 1984. During their cohabitation, the parties jointly purchased a mobile home and shared household expenses. Additionally, Karen apparently transferred one of Larry's credit card balances to a credit card in her name. Thereafter, in 1991, the parties were formally remarried.
{3} In September 2001, Larry filed for divorce, claiming incompatibility, extreme cruelty, and gross neglect. A hearing on the complaint was held before the magistrate on March 27, 2002. The primary source of contention between the parities concerned Karen's rights in Larry's pension for the period of cohabitation prior to their formal marriage in 1991. Karen claimed that the parties established a common law marriage beginning in 1984, and that she was entitled to half of the pension from 1984 until Larry's 1997 retirement date. However, the magistrate found that Karen had neither established a common law marriage nor that she was entitled to a distributive award pursuant to R.C. 3105.171
for the period between 1984 and their marriage in 1991.
{4} Karen filed objections to the magistrate's decision, claiming that she was entitled to a distributive award from Larry's pension for the years the parties cohabitated prior to their formal marriage. Karen provided no transcript of the hearing before the magistrate to the trial court, and the trial court issued its judgment entry without further hearing. Therein, the trial court reversed the magistrate's recommendation with respect to Larry's pension, and awarded Karen half of its benefits from 1984 through Larry's 1997 retirement date, pursuant to R.C. 3105.171(F).
{5} From this decision, Larry appeals, asserting three assignments of error for our review. Because his first two are sufficiently related, we will address them together.
Assignment of Error I
{6} "The trial court abused its discretion and committed error to the prejudice of the plaintiff by making a distributive award of husband's separate property, O.R.C. 3107.17.1, without having an adequate record on which to base its decision. Absent clear error on the face of the magistrate's decision, a de novo review of objections under Rule 53 of a marital property settlement, alleging it is inequitable, should be supported by a complete record of the evidence showing why correction by the court is necessary."
Assignment of Error II
{7} "The decision of the trial court is inconsistent with the factual findings of the magistrate. In the absence of its own evidence gathering, or a review of the record, its decision is bound by the factual findings of the magistrate. The trial court judgment is against the manifest weight of the evidence and should be reversed."
{8} Within his first two assignments of error, Larry contends that Karen's failure to include a transcript of the proceedings before the magistrate upon filing objections precluded the trial court from deciding the case differently from the magistrate. Based upon the following, however, we disagree.
{9} At the outset, we note that trial courts have broad discretion in determining an equitable distribution of property in divorce cases.[1]
As long as the distribution ordered by the court is not unreasonable, arbitrary, or unconscionable, the court acts within its discretion in fashioning an award.[2] Additionally, judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.[3]
 {10} Trial courts are required to undertake an independent analysis to determine whether a magistrate's recommendations should be adopted pursuant to Civ.R. 53, regardless whether any party filed any objections or related transcripts.[4] Although, absent a transcript or appropriate affidavit as provided in the rule, a trial court is limited to an examination of the magistrate's conclusions of law and recommendations only in light of the accompanying findings of fact, unless the trial court elects to hold further hearings.[5] Accordingly, even in the absence of a transcript, a trial court may independently review a magistrate's findings of fact and reach a different legal conclusion. "Regardless of whether a transcript has been filed, the trial judge always has the authority to determine if the [magistrate's] findings of fact are sufficient to support the conclusions of law drawn therefrom [and] come to a different legal conclusion if that conclusion is supported by the [magistrate's] findings of fact."[6]
 {11} Based upon the magistrate's findings of fact, the trial court herein found that a fifty percent distributive award of Larry's pension accumulated during the parties' period of cohabitation prior to their legal marriage in 1991 was justified in accordance with R.C. 3105.171(F). The court supported its finding with the following: the parties "uninterruptedly liv[ed] together * * * from May 1, 1984 until their formal remarriage of May 1, 1991; the parties' financial activities together during that entire time period, which included the purchase of their mobile home; and the parties' co-mingling of funds to pay common household expenses." Notably, all of the trial court's findings were supported by the magistrate's findings of fact. The magistrate found that the parties lived together from May 1984 until they were remarried in 1991. Moreover, the magistrate found that the parties jointly purchased a mobile home, shared credit cards, and contributed to household expenses, which supports the trial court's conclusions concerning their financial affairs. Consequently, because the trial court's judgment was supported by the magistrate's findings of fact, we neither find an abuse of discretion nor that the judgment was against the manifest weight of the evidence.
{12} Based upon the foregoing rationale, appellant's first and second assignments of error are hereby overruled.
Assignment of Error III
{13} "The trial court standard for review of a magistrate's decision under Rule 53(E)(4)(a), when no transcript is provided should be "plain error."
{14} For his third assignment of error, Larry argues that this court should adopt a new standard for trial courts to utilize when reviewing a magistrate's decision without the benefit of a transcript. However, we decline such opportunity in light of the legal authority stated within his first two assignments of error. Accordingly, Larry's third assignment of error is overruled.
{15} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
 Judgment affirmed. BRYANT, P.J. and SHAW, J., concur.
[1] Lust v. Lust (July 17, 2002), Wyandot App. No. 16-02-04,2002-Ohio-3629, at ¶ 25, quoting Bisker v. Bisker (1994),69 Ohio St.3d 608, 609, 1994-Ohio-307; James v. James (1995),101 Ohio App.3d 668.
[2] Lust, supra, citing Martin v. Martin (1985), 18 Ohio St.3d 292.
[3] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
[4] Wade v. Wade (1996), 113 Ohio App.3d 414, 418.
[5] Id.
[6] Id., quoting Hearn v. Broadwater (1995), 105 Ohio App.3d 586,588.