[Cite as *Butler v. Butler*, 2012-Ohio-6085.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOEL L. BUTLER | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 12CA009 |
| ELIZABETH BUTLER | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Holmes County Court of Common Pleas, Case No. 11DR078

JUDGMENT:    AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

DATE OF JUDGMENT ENTRY:    December 13, 2012

APPEARANCES:

For Appellant:

THOMAS D. WHITE
CHRISTOPHER M. WHITE
ALYSSE L. McCANDLISH
209 N. Washington Street
Millersburg, OH 44654

For Appellee:

ELIZABETH BUTLER, *pro se*
10379 County Road 320
Millersburg, OH 44654

*Delaney, J.*

{¶1} Appellant Joel L. Butler appeals from the April 2, 2012 Opinion and Judgment Entry/Decree of Divorce of the Holmes County Court of Common Pleas. Appellee is Elizabeth Butler.

*FACTS AND PROCEDURAL HISTORY*

{¶2} Appellant and appellee were married in Killbuck, Ohio on January 23, 1988. One child was born of the marriage who is now an adult. The parties agree they are incompatible and separated on July 12, 2011. Appellant filed a complaint for divorce on October 25, 2011. Appellee did not answer.

{¶3} A final divorce hearing was held on January 18, 2012. Appellant appeared with counsel; appellee appeared without representation. The substance of the final divorce hearing, and consequently the focus of this appeal, concerned the parties' double-wide mobile home (the "trailer"), an "Oakwood 54 x 25" which the parties agree is worth $35,000.

{¶4} Appellee testified the trailer was purchased with $20,000 given to the parties by appellant's mother. The trailer is titled in appellee's name, and appellee claimed appellant asked her to put it in her name because of his unspecified "past history." Upon questioning by the trial court, appellee testified she is presently living in the trailer, there is no existing lien, mortgage, or debt on the trailer, and it is parked on property belonging to appellee's mother.

{¶5} Appellant testified his mother paid $20,000 for the trailer and the parties put another $10,000 into it. He alleged the trailer was supposed to be titled in his mother's name and denied he ever suggested appellee title it in her name. Upon

questioning by the trial court, appellant stated the parties purchased the trailer in January 2011 and never lived in it together. The trailer was originally delivered to a location in Killbuck but appellee moved it to her mother's property when appellant was in jail.

{¶6} The trial court explained to the parties that a decision would have to be made regarding the status of the trailer, to wit, whether it was marital property.

{¶7} Appellee argued she was the only party to the marriage who had worked and supported the family, and she would not have the money to buy out appellant's share because her wages were garnished due to a judgment against the couple. Appellee stated she was agreeable to whatever the trial court ordered provided she was left with a home.

{¶8} The trial court advised both parties to present written final arguments regarding the trailer within 14 days.

{¶9} Appellant submitted a written Final Argument stating that if the trial court finds the trailer is marital property, appellant requests that it is valued at $35,000 and appellee is ordered to pay appellant $17,500 within thirty days of the final judgment.

{¶10} Appellee submitted a letter listing personal property she left at the residence and argued she was the only party who worked and supported the family for the last ten years.

{¶11} The trial court noted in a judgment entry dated March 13, 2012 that copies of appellee's letter were mailed to appellant and granted appellant 14 days to respond to the letter. No response is contained in the record.

{¶12} On April 2, 2012, the trial court entered judgment granting the parties' divorce, dividing the personal property and debt, and stating the following with regard to the trailer:

### DOUBLE –WIDE MOBILE HOME

The Court finds additionally there is an Oakwood 54 x 25 mobile home titled in the [appellee's] name. The Court finds that this is marital property and, therefore, the parties did agree that it had a market value of $35,000 with no lien against it.

The Court hereby grants the Defendant the right to reside in said mobile home for a period of five (5) years from the date of the Final Decree of Divorce. Defendant shall maintain all taxes and insurance and upkeep on the mobile home.

At the conclusion of the five-year period [appellee] shall have the right to pay [appellant] the sum of $17,500 and retain the mobile home or sell the mobile home at an arms-length bona fide sale and the proceeds be divided evenly between the parties.

{¶13} It is from this decision appellant now appeals.

{¶14} Appellant raises two Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED IN AWARDING THE MOBILE HOME TO APPELLEE."

{¶16} "II. THE TRIAL COURT ERRED IN DELAYING APPELLEE'S PAYMENT TO APPELLANT OF HIS MARITAL SHARE OF THE MOBILE HOME'S VALUE FOR FIVE YEARS."

I., II.

{¶17} Appellant's two assignments of error are related and will be considered together.  Appellant argues the trial court erred in finding the trailer is marital property and erred in allowing appellee to live in the trailer for five years before she is required to pay appellant his share.  We find the trial court did not err in finding the trailer to be marital property, but did err in permitting appellee to remain in the trailer for five years before she is required to pay her share in the absence of any supporting rationale in the record.

{¶18} Appellant's assignments of error dispute the trial court's classification of the trailer as marital property and its decision to permit appellee to pay appellant's share after five years.  A trial court enjoys broad discretion in fashioning an equitable division of marital property and in awarding spousal support. See *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983). To find an abuse of that discretion, the record must show more than an error of judgment on the trial court's part; the trial court's decision must be unreasonable, arbitrary, or unconscionable. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

{¶19} In determining a division of marital property, the trial court must consider and address the factors listed in R.C. 3105.171. *Focke v. Focke*, 83 Ohio App.3d 552, 554, 615 N.E.2d 327 (2nd Dist.1992); *Layne v. Layne*, 83 Ohio App.3d 559, 562, 615 N.E.2d 332 (2nd Dist.1992). Failure to consider these mandatory statutory factors is an abuse of discretion. See, e.g., *Bisker v. Bisker*, 69 Ohio St.3d 608, 609, 635 N.E.2d 308 (1994). See, also, *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96, 518 N.E.2d 1197 (1988).

{¶20} Further, in order for this Court to review the allocation of property between parties to a divorce and any support award, the "trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." R.C. 3105.171(G), supra; *Kaechele,* 35 Ohio St.3d at 93, paragraph two of the syllabus.

{¶21} Although the trial court's division of property is reviewed under an abuse of discretion standard, factual determinations such as the value of the property subject to division are reviewed under a manifest weight of the evidence standard. *Brown v. Brown,* Pike County App. No. 02CA689, 2003-Ohio-304. Under this deferential standard, the trial court's classification of property will not be reversed if it is supported by some competent, credible evidence. *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (4th Dist.1997).

{¶22} R.C. 3105.171 states the following in part:

> (B) In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest.
>
> (C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal

division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section * * *.

(D) Except as otherwise provided in division (E) of this section or by another provision of this section, the court shall disburse a spouse's separate property to that spouse. If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse.

(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property.

(2) The court may make a distributive award in lieu of a division of marital property in order to achieve equity between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome.* * *.

(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:

(1) The duration of the marriage;

(2) The assets and liabilities of the spouses;

(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;

(4) The liquidity of the property to be distributed;

(5) The economic desirability of retaining intact an asset or an interest in an asset;

(6) The tax consequences of the property division upon the respective awards to be made to each spouse;

(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;

(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;

(9) Any other factor that the court expressly finds to be relevant and equitable * * *.

(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of 'during the marriage'.

*The Trailer is Marital Property*

{¶23} In appellant's first assignment of error, he asserts the trial court abused its discretion in deeming the trailer to be marital property because it was purchased with funds gifted by his mother and therefore should have been separate property. We disagree.

{¶24} Marital property is defined as "all real and personal property that is currently owned by either or both spouses ... that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i). However, marital property does not include any separate property, which includes "[a]ny gift of ... personal property ... that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(a)(vii). A party to a divorce action seeking to establish an asset or portion of an asset is separate property, rather than marital property, has the burden of proof generally by a preponderance of the evidence. *Zeefe v. Zeefe*, 125 Ohio App.3d 600, 614, 709 N.E.2d 208 (8th Dist.1998). When a party claims the separate property to be a gift, the burden is clear and convincing. *Eikleberry v. Eikleberry*, 7th Dist. No. 00 BA 13, 2002-Ohio-438. "The gift exception in division (A)(6)(a)(vii) requires proof that not only did the donor intend to benefit one of the spouses, but that the donor also intended to exclude the other spouse from acquiring any interest in the property through the gift that was made." *Kotch v. Kotch*, 178 Ohio App.3d 358, 2008-Ohio-5084, 897 N.E.2d 1191 (5th Dist.), ¶30, citing *Marshall v. Marshall*, 2nd Dist. No. 2000 CA 95, 2001 WL 468407 (May 4, 2001).

{¶25} Our review of the record indicates appellant presented no evidence to establish the gift of $20,000 was made only to him and that the donor intended to exclude appellee from benefit of the gift; nor did appellant even make this argument to the trial court when given the opportunity to do so.

{¶26} The parties both testified appellant's mother provided them with $20,000 used to purchase the trailer.

{¶27} The trial court found the trailer to be marital property. Upon review of the record, appellant acknowledged the trial court could view the trailer as marital property. When given an opportunity to present a written argument as to whether the trailer was marital property, appellant wrote in pertinent part:

> Plaintiff requests that he be awarded a fair share of the personal property of the parties:
>
> * * * *.
>
> 3. A 2000 Oakwood 54' by 24' double-wide mobile home is currently titled in [appellee's] name. Appellee improperly put this in her own name as it should have been in the name of [appellant's] mother.
>
> a. [Appellant] first requests that [appellee] be required to title the name back in to the name of [appellant's] mother.
>
> b. If the [trial] Court finds that the property is marital property, the parties agreed at hearing that the mobile home has a fair market value of $35,000. As [appellee] has affixed the mobile home to property in her name, [appellee] should be required to pay

[appellant] the sum of $17,500 for his marital equity within thirty

(30) days of the final decree in this [trial] Court.

* * * *.

{¶28} Appellant did not establish or even argue the $20,000 was intended as a gift only to him.    We find, therefore, the trial court did not abuse its discretion in treating the trailer as marital property and its decision is not against the manifest weight of the evidence because no evidence was presented to establish the money received by the couple from appellant's mother was a loan or gifted solely to appellant.

*Allowing Appellee to Remain in the Trailer for 5 Years is not Supported by the Record*

{¶29} Having ruled the trailer was properly treated as marital property, we turn to the trial court's decision to allow appellee to remain in the trailer for five years from the date of the final decree before she is required to pay appellant $17,500 to keep the trailer or to sell it and divide the proceeds evenly.

{¶30} Appellee presented uncontroverted evidence she cannot afford to pay appellant $17,500.  The trial court discussed the trailer at length with appellee at the final hearing, explaining that if the trailer is marital property, appellee would have to pay appellant his share if she keeps it, or they could sell the trailer and split the proceeds.  Appellee said she couldn't afford to buy out appellant's share.  The trial court mentioned appellee might be given "90 to 100 (*sic*), six months or whatever," and later mentioned a possible four-month time frame.

{¶31} The resulting judgment entry, though, permits appellee to live in the trailer for five years, after which she must pay appellant $17,500 or else they can sell the trailer.  We have reviewed the entire record and are unable to find any reasoning

of the trial court explaining why the time frame went from a possible four to six months to five years. The trial court has not indicated its basis for the award in sufficient detail to enable us to determine whether the award is fair and equitable.

{¶32} Moreover, while a trial court "is vested with broad discretion when fashioning the division of marital property," the trial court should also strive to disentangle the relationship between the parties, as the legal effect of a divorce is to extinguish the rights and obligations of the parties to each other. *Wenger v. Wenger*, 9th Dist. No. 02CA0065, 2003-Ohio-5790, ¶¶ 5-6, citing *Bisker v. Bisker*, 69 Ohio St.3d 608, 609, 1994-Ohio-307, 635 N.E.2d 308 and *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 185, 559 N.E.2d 1292 (1990). "Additionally, the trial court should make finality and conclusion a priority." *Id.*

{¶33} The record reveals the trial court allowed appellee to stay in the trailer for five years, and to not pay appellant his share of the trailer's value until the end of the five-year period. We cannot find a basis for this decision in the record, especially after the discussion at trial was in terms of a four- to six-month time frame. Accordingly, we find the trial court abused its discretion in entangling appellant and appellee for five years following the final entry of divorce without any evident rationale.

{¶34} For the foregoing reasons, appellant's first assignment of error is overruled and his second assignment of error is sustained.

{¶35} The judgment of the Holmes County Court of Common Pleas is therefore affirmed in part and reversed in part and remanded for the trial court to issue written findings of fact pursuant to R.C. 3105.171 as to the disposition of the trailer.

By: Delaney, P.J.

Wise, J. concur

Edwards, J. dissents

_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS


PAD:kgb

EDWARDS, J., DISSENTING OPINION

{¶36} I respectfully disagree with the decision of the majority to remand this case to the trial court for it to issue findings of fact explaining why the appellee should have five years before she has to pay appellant his half of the value of the trailer.

{¶37} I agree that Revised Code §3105.171(G) requires a trial court to make written findings of fact when it makes a division of property it determines to be equitable, although not equal. I also agree that there is an argument to be made that, when one party must wait five years until he gets his one-half of the marital property and no interest accrues, the division of that property is not equal, and, therefore, the trial court should have issued findings of fact justifying that decision.

{¶38} However, unlike my colleagues, I find said lack of findings of fact to be harmless in this case. I find the record supports the trial court's decision, and I do not find that the trial court abused its discretion. Appellee was the only party who worked during the marriage to support the family and her wages are being garnished due to a judgment against the couple. I think it is reasonable that the trial court allowed appellee five years to try to find a way to "buy out" her spouse's share of the trailer.

_____

Judge Julie A. Edwards

JAE/rmn

[Cite as *Butler v. Butler*, 2012-Ohio-6085.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOEL L. BUTLER | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ELIZABETH BUTLER | : | |
| | : | |
| | : | Case No. 12CA009 |
| Defendant-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed in part, reversed in part, and remanded.  Costs assessed equally to appellant and appellee.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS